By the Court,

Cowen, J.
The declaration recites that the plaintiff were traders under the film of John Titus & Co, and avers that, in a discourse of and concerning the plaintiffs, their circumstances and business, the defendant said, “ John Titus & Co.” (meaning the plaintiffs) “ are *319 down,” &c. without repeating that this was said of and concerning them, their business, &c. The form of stating the matter leaves it possible that the words, after all, may not have been spoken of and concerning the plaintiffs ; for, though the discourse concerned them and their trade, and the words were a part f the discourse, it may in some part have contained the words imputed without necessarily having reference to them or their trade. Hence it is laid down in the books that a declaration like this, which merely states a colloquium concerning the plaintiff, his trade, &c. and avers that the words were spoken as a part of the colloquium, must yet, in order to save itself against a special demurrer, still go on and aver that the particular words, especially if they be in the third person, were spoken of and concerning the same plaintiff. It is allowed to be otherwise, however, where the colloquium is averred to have been with the plaintiff, and the words are addressed to him, as “you,” &c. In the former case even an innuendo—(meaning the plaintiff, his trade, &c.)—will not obviate the defect; while in the latter, a declaration will be good with or without an innuendo. Such is the distinction laid down by Serjeant Williams. (1 Saund. 242, a, note (3) to Craft v. Boite.) In this he is more than sustained by some of the old cases which he cites, especially 1 Rol. Abr. p. 83, Action Sur Case, (I), pl. 7; id. p. 85, (K), p. 7.
The objection now raised in the principal case seems there to have been allowed on error. (Vid. S. C. Fin. Abr. Actions for Words, (1. 5,) pi. 7; and id. (K. b,) pl. 7.) This was an exercise of truly Norman subtilty, and difficult to be accounted for except on the old notion that slanderous words should be taken as against the plaintiff in a mitigated sense. Serjeant Williams, therefore, speaks more in conformity with the modern doctrine of pleading in general, as well as of slander, when he confines the objection to a special demurrer, and puts even this on a semble. To say that though in A.’s discourse of and concerning the plaintiff, A. said he was a thief, yet that this does not *320 mean the plaintiff) would seem to trench on the rule that a declaration is sufficient if it charge the defendant by words having a certain intent in general; i. e. what on a fair and reasonable construction may be called certain, without recurring to possible facts which do not appear. (1 Chit. Pl. 233, Am. ed. of 1840.) Yet Chitty leaves this particular form in slander on about the same footing with Serjeant Williams; (1 Chit. PI. 403;) so of Starkie on Slander, 284, 285—and all on the same authorities.
On the whole, though this declaration is clearly good in sub-. stance, yet a certain form of declaring seems to be required by the books, which had better be adhered to for the sake of precedent, rather than any obvious principle. The omission being pointed out by special demurrer, I do not see how we can avoid saying there must be judgment for the defendant.
Judgment for the defendant.(a)

 See Nestle v. Van Slyck, (ante, p. 282.)